UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMERISURE MUTUAL INSURANCE COMPANY, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-09-662 |
| | § | |
| TRAVELERS LLOYDS INSURANCE COMPANY, *et al*, | § § § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

**I. Introduction**

Pending before the Court is the plaintiff's, Amerisure Mutual Insurance Company ("Amerisure"), motion for partial summary judgment (Docket Entry No. 27). A defendant, Western Heritage Insurance Company ("Western"), filed a response to Amerisure's motion (Docket Entry No. 38), a defendant, Travelers Lloyds Insurance Company ("Travelers"), filed a response to Amerisure's motion and a request for declaratory relief (Docket Entry Nos. 39 & 42), a defendant, Beacon National Insurance Company ("Beacon"), filed a response to Amerisure's motion, two motions to strike Amerisure's summary judgment evidence and a motion for summary judgment (Docket Entry Nos. 40, 41, 53 & 56) and Amerisure filed briefs in support of its motion (Docket Nos. 46, 47 & 49) and a response to Beacon's motion to strike summary judgment evidence (Docket Entry No. 48). Having carefully reviewed the parties' submissions, the record and the applicable law, the Court hereby denies Amerisure's motion, grants-in-part Travelers' motion and grants Beacon's motion.

**II. Factual Background**

In 2003, Beltway Houston Industrial, LP ("Beltway") contracted with Rosenberger Construction, L.P. ("Rosenberger") to construct an industrial warehouse building (the "warehouse"). To this end, later that year Rosenberger entered into subcontracts (the "subcontracts") with Antex Roofing Company, Inc. ("Antex") and G&H Steel Erectors ("G&H"). Pursuant to the subcontracts, Antex and G&H were required to obtain insurance covering both Rosenberger and the respective subcontractor (with regard to the scope of the project). After substantial completion of the construction project, Beltway brought a state lawsuit against Rosenberger alleging that during construction a substance was applied to the warehouse's roof deck that accelerated the effect of moisture on the steel, causing corrosion of the deck (*Beltway Houston Industrial, L.P. v. Rosenberger Construction, L.P.*, Cause No. 2007-58957; 133rd Judicial District Court of Harris County, Texas (the "underlying lawsuit")). As fully described below, in the present lawsuit Amerisure (Rosenberger's insurance provider) seeks a declaration that Antex and G&H's insurance companies (Beacon, Travelers and Western) have a duty to defend Rosenberger in the underlying lawsuit.

After entering into its subcontract with Rosenberger, G&H obtained two policies of insurance: (1) a policy from Beacon (#GL136438), which included general commercial liability coverage from June 22, 2003 to June 22, 2004 (the "Beacon policy"); and (2) a policy from Western (#SCPO485383), which was effective from January 21, 2004 to January 1, 2005 (the "Western policy"). Likewise, Antex purchased a policy from Travelers (#DT88-CO-210D6343-TLC-03) that provided general commercial liability coverage effective from May 1, 2003 to May 1, 2004. This policy was subsequently renewed to extend coverage until May 1, 2007 (renewals #DT88-CO-210D6343-TLC-04, DT88-CO-210D6343-TLC-05 and DT88-CO-210D6343-TLC-

06).  Travelers' original and renewal policies are hereinafter collectively referred to as the "Travelers policy."  The Beacon, Travelers and Western policies all included an endorsement providing coverage to Rosenberger as an additional insured with regard to the subject matter of the subcontracts.  Lastly, on or about November 1, 2006, Amerisure issued a Texas Commercial Package Policy to Rosenberger (#CPP2024973), effective from November 1, 2006 to November 1, 2007 (the "Amerisure policy").

The underlying lawsuit was filed on or about September 19, 2007.  It alleged that Rosenberger and its subcontractors applied a substance to the warehouse's roof deck that exacerbated the effect of moisture on the steel and accelerated corrosion thereof.  In Beltway's (most current) sixth amended complaint (the "underlying pleading"), it states:

> "The roof structure for the [warehouse] incorporated galvanized steel roof deck, which was provided and installed by Rosenberger or others retained by Rosenberger to perform the work on its behalf . . . .  During the course of construction, a substance was applied to the roof deck by Rosenberger and/or the employees of one or more of its subcontractors and/or suppliers that had the apparently unintended result of exacerbating the effect of moisture on the steel and accelerating corrosion of the deck . . . .  On or about March 17, 2004, Rosenberger substantially completed construction of the building . . . .  In or about the month of December 2006, Beltway Houston first learned of possible roof deck problems . . . ."

### III. Contentions

#### A. The Plaintiff's Contentions

Amerisure seeks a summary judgment declaring that Travelers, Beacon and Western must provide a defense for Rosenberger in the underlying lawsuit.  This argument is premised on the fact that Travelers, Beacon and Western each issued an insurance policy covering Rosenberger as an additional insured.  Further, Amerisure maintains that its insurance coverage is in excess to that provided by the Beacon, Travelers and Western policies.

### B. Defendant Western Heritage Insurance Company's Contentions

Western states that Amerisure's requested summary judgment is improper. To this end, it argues that Rosenberger is not an additional insured under the Western policy because, at the time the claim accrued, Rosenberger was not covered by the Western policy. Further, Western asserts that Rosenberger's subcontract with G&H is extrinsic to the Western policy and the live pleadings, and therefore, it cannot be considered under the eight corners rule. Even assuming, *arguendo*, the admissibility of the subcontract, the subcontract establishes that Rosenberger was not responsible for any of the acts alleged to have caused the harm leading to the underlying lawsuit, states Western. Lastly, it argues that, to the extent that Rosenberger is an additional insured, there are exclusions to coverage which are applicable.

### C. Defendant Beacon National Insurance Company's Contentions

Beacon argues that Amerisure's requested summary judgment is improper. Specifically, it premises this statement on an alleged failure by Amerisure to establish that Beacon was given notice required by the Beacon policy. Moreover, it asserts that Amerisure cannot prove that the underlying claims are covered because they are: (1) not within the Beacon policy's coverage period, (2) not within the scope of the policy's coverage; and (3) excluded by the policy's provisions. On these grounds, Beacon seeks summary judgment that it does not owe a duty to defend Rosenberger.

On a related issue, Beacon requests that the Court strike exhibits 7, 8 and 9 to Amerisure's motion for partial summary judgment (i.e. the original petition in the underlying lawsuit, the first amended petition in the underlying lawsuit and the sixth amended petition in the underlying lawsuit). To this end, it asserts that the exhibits are unverified pleadings and do not constitute proper summary judgment evidence. Further, it argues that the original and first

amended petitions in the underlying lawsuit are inadmissible because they presently have no legal effect. Beacon also moves to strike Amerisure's exhibit 11 (the affidavit of Dave Girard) and the affidavit of Fred Shuchart because the affiants are not competent to testify and have no personal knowledge of the information in the affidavits.

### D. Defendant Travelers Lloyds Insurance Company's Contentions

Travelers argues that the issue of whether or not it must defend Rosenberger is moot because it has agreed to participate in the defense. It further asserts that Amerisure must also participate in Rosenberger's defense. Specifically, Travelers maintains that Amerisure has the sole obligation to defend Rosenberger with regard to acts or omissions that Rosenberger engaged in beyond the scope of Antex's actions. Moreover, to the extent that Amerisure states that the Travelers policy provides primary insurance coverage, Travelers argues that, since both the Travelers and Amerisure policies would provide coverage for Rosenberger if the other policy did not exist, Travelers and Amerisure must share the duty to defend *pro rata* relative to their policies' coverage limits. Lastly, Travelers requests a declaration that all parties must share in the cost of defending Rosenberger.

### IV. Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The [movant] bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once the movant carries this initial

burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *See Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). The nonmovant must go beyond the pleadings and designate specific facts proving that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmovant may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts. Fed. R. Civ. P. 56(e). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch*, 140 F.3d at 625. "A dispute regarding a material fact is 'genuine' if the evidence would permit a reasonable jury to return a verdict in favor of the nonmoving party." *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004). Thus, "[t]he appropriate inquiry is 'whether the evidence represents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson*, 477 U.S. at 251–52).

**V. Analysis & Discussion**

With regard to an insurer's duty to defend its insured, this Court has previously stated that:

> [An insurer's] duty to defend arises if the facts *alleged* in the [underlying] pleadings state a cause of action that falls within the scope of the insurance policy's coverage. *Liberty Mut. Ins. Co. v. Graham*, 473 F.3d 596, 600 (5th Cir. 2006). Under this "eight-corners rule" (referring to the four corners of both the insurance policy and the underlying pleadings), a liability insurer's duty to defend an insured is determined "solely from the terms of the policy and the pleadings of the third-party claimant." *Mid-Continent Cas. Co. v. JHP Dev., Inc.*, 557 F.3d 207, 212 (5th Cir. 2009). As such, an insurer's "duty to defend does not depend

> upon the truth or falsity of the allegations: 'A plaintiff's factual allegations that potentially support a covered claim [are] all that is needed to invoke the insurer's duty to defend.'" *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 368 (5th Cir. 2008) (quoting [*GuideOne Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 307 (Tex. 2006)]).  Under this standard, resort to extrinsic evidence is generally prohibited because "[f]acts outside the pleadings, even those easily ascertained, are ordinarily not material to the determination . . . ." *Liberty Mut. Ins. Co.*, 473 F.3d at 600 (citing [*GuideOne*, 197 S.W.3d at 308;] *N. Am. Specialty Ins. Co. v. Royal Surplus Lines Ins. Co.*, 541 F.3d 552, 560 (5th Cir. 2008).
>
> * * *
>
> Further, when applying the eight-corners rule, pleadings must be evaluated pursuant to the facts alleged, as opposed to the legal theories asserted. *Indian Harbor Ins. Co. v. Valley Forge Ins. Group*, 535 F.3d 359, 363 (5th Cir. 2008).  A liberal interpretation should be given to pleadings and all doubts must be resolved to favor the insured.  *Lincoln Gen. Ins. Co. v. Aisha's Learning Ctr.*, 468 F.3d 857, 858 (5th Cir. 2006).  If, after construing the insurance policy and the pleadings, "coverage is found for any part of a suit, the insurer must defend the entire suit."  *Allstate Ins. Co. v. Disability Servs. of the Sw. Inc.*, 400 F.3d 260, 263 (5th Cir. 2005) (citing *St. Paul Fire & Marine Ins. Co. v. Greentree Fin. Corp.-Tex.*, 249 F.3d 389, 391 (5th Cir. 2001)).

*Am. States Ins. Co. v. Miranda & Boyaki LLP*, No. 408-cv-2558 (S.D. Tex. Dec. 1, 2009).  With regard to the eight corners rule, "[t]he burden is on the insured to show that a claim against him is potentially within the scope of coverage under the policies . . . ." *Federated Mut. Ins. Co. v. Grapevine Excavation Inc.*, 197 F.3d 720, 723 (5th Cir. 1999) (citing *Guaranty Nat'l Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir. 1998); *Canutillo Indep. School Dist. v. Nat. Union Fire Ins. Co. of Pittsburgh, Pa.*, 99 F.3d 695, 701 (5th Cir. 1996); *Sentry Ins. v. R.J. Weber*, 2 F.3d 554, 556 (5th Cir. 1993)).  In contrast, "[t]he insurer bears the burden of proving the allegations contained in the underlying plaintiff's petition are excluded from coverage." *Hochheim Prairie Cas. Ins. Co. v. Appleby*, 255 S.W.3d 146, 150 (Tex.App.—San Antonio 2008, pet. filed) (citing *Westchester Fire Ins. Co. v. Gulf Coast Rod, Reel & Gun Club*,  64 S.W.3d 609, 613 (Tex.App.—Houston [1st Dist.] 2001, no pet.)).

### A. G&H's Policy with Western

Western argues that it owes no duty to defend Rosenberger because, at the time Beltway's claim accrued, Rosenberger was not an insured under the Western policy. In support of this contention, it points out that, pursuant the policy, Rosenberger could only be insured if it were:

> [A] person or organization for whom you [G&H] are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability arising out of your ongoing operations performed for that insured. A person's or organization's status as insured under this endorsement ends when your operations for that insured are completed.

It further asserts that, since the underlying pleading states that work on the warehouse was substantially completed on March 17, 2004, the event leading to the present claim occurred outside the period of Coverage for Rosenberger. As described below, the Court agrees with Western.

In *Don's Building Supply, Inc. v. OneBeacon Insurance Co.*, the Supreme Court of Texas addressed the issue of "when property damage 'occurs' under Texas law for purposes of an occurrence-based commercial general liability insurance policy." 267 S.W.3d 20, 22 (2008). With regard to the policy in *Don's Building Supply*, the court focused its analysis on when the actual harm occurred, as opposed to: (a) when the event leading to the harm occurred (e.g. the use of a chemical that would subsequently exasperate rusting issues) or (b) when the actual harm was discovered. *Id*. at 22–30. In applying this standard, the court determined that, under the eight corners rule (as applied to an occurrence-based policy) an insurance company has a duty to defend an insured only if any of the actual harm occurs *during the term of the policy*. *Id*. at 30–32.

The Western policy is nearly identical to the insurance policy in *Don's Building Supply*.[1] Therefore, consistent with this precedent, the Court finds that the duty to defend would arise only if the actual harm (i.e. rust/corrosion of the warehouse) occurred during the term of the insurance coverage. To determine if this standard is satisfied, the eight corners rule must be applied.

Amerisure has not asserted that the alleged harm occurred within the period of Rosenberger's coverage under the Western policy. This failure, in conjunction with the underlying pleading's failure to mention the alleged date of actual harm,[2] establishes that Amerisure has not satisfied its burden under the eight corners rule of "show[ing] that a claim against [Rosenberger] is potentially within the scope of coverage under the policies . . . ."[3] *Federated Mut. Ins. Co. v. Grapevine Excavation Inc.*, 197 F.3d 720, 723 (5th Cir. 1999) (citing *Guaranty Nat'l Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir. 1998); *Canutillo Indep. School Dist. v. Nat. Union Fire Ins. Co. of Pittsburgh, Pa.*, 99 F.3d 695, 701 (5th Cir. 1996); *Sentry Ins. v. R.J. Weber*, 2 F.3d 554, 556 (5th Cir. 1993)). Accordingly, the eight corner rule has not been satisfied and summary judgment is not proper on this issue.

### B. G&H's Policy with Beacon

The Beacon policy is, in pertinent part, equivalent to both the Western policy and the insurance policy in *Don's Building Supply*.[4] Accordingly, the Beacon policy is, like the one provided by Western, an occurrence-based policy. Therefore, under *Don's Building Supply*, in order to satisfy the eight corners rule, the underlying complaint must allege that harm occurred

---

[1] The Western policy, the Beacon policy, the Travelers policy and the policy in *Don's Building Supply* are each equivalent in pertinent part. In example, all four policies obligate the insurer to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." Further, each policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

[2] Beltway alleged that the harm was found in December, 2006. It did not allege an earlier date of injury.

[3] Amerisure has not cited to, and the Court has not found, any support for the proposition that an insurer has a duty to defend where the underlying complaint does not allege that the injury occurred during the period of insurance coverage.

[4] *See supra* note 1.

during the term of the insurance coverage (as opposed to an event that may later cause harm or discovery of the harm). As Amerisure states, the Travelers policy was in effect from June 22, 2003 until June 22, 2004. However, as discussed above, the underlying complaint does not assert that the alleged harm occurred within this time period. Therefore, consistent with the rationale set forth above, summary judgment is not proper on this issue. Moreover, Beacon's requested partial summary judgment is proper.

### C. Antex's Policy with Travelers

The Travelers policy is, in pertinent part, equivalent to both the Western policy and the insurance policy in *Don's Building Supply*.[5] However, in contrast to the Western policy, the Travelers policy was in effect when the alleged harm occurred (Beltway alleged that the harm was found in December, 2006 and the Travelers policy was active until May 1, 2007). As such, Travelers has agreed to participate in Rosenberger's defense, though it contends that Amerisure shares the duty to defend. In particular, it states that, because the Traveler's policy does not cover Rosenberger for its independent acts or omissions, the Amerisure policy is primary with regard to such claims. On this issue, the Travelers policy provides that it covers as an additional insured:

> any person or organization that you [Antex] agree in a "written contract requiring insurance" to include as an additional insured on this Coverage Part, but . . . only to the extent that, the injury or damage is caused by acts or omissions of you or your subcontractor in the performance of "your work" to which the 'written contract requiring insurance" applies. The person or organization does not qualify as an additional insured with respect to the independent acts or omissions of such person or organization.

Premised upon this clause, Travelers argues that it does not have a duty to defend Rosenberger with regard to its independent acts. The Court disagrees.

---

[5] *See supra* note 1.

Under Texas law, "[i]f an insurer has a duty to defend its insured against any claim pleaded in the petition of the underlying suit, then the insurer is required to defend its insured against all claims in that petition." *D.R. Horton—Tex., Ltd. v. Markel Intern. Ins. Co., Ltd.*, 300 S.W.3d 773, 778 (Tex.App.—Houston [14th Dist.] 2006) (overruled on other grounds) (citing *Stumph v. Dallas Fire Ins. Co.*, 34 S.W.3d 722, 728 (Tex.App.—Austin 2000, no pet.)). Accordingly, to the extent that Travelers concedes owing a duty to defend Rosenberger on one claim in the underlying lawsuit (i.e. a claim in which both Antex and Rosenberger committed an underlying act), it owes such a duty with regard to all claims. However, this does not fully resolve the duty to defend issue.

Travelers asserts that its policy and the Amerisure policy conflict with regard to which is primary and which is excess, and accordingly, neither party is exclusively obligated for defense costs. With regard to other insurance policies, the Travelers policy provides that:

> If valid and collectible "other insurance" is available to the insured for a loss we cover . . . our obligations are limited as follows:
> **a. Primary Insurance**
> This Insurance is primary except when [§ b] below applies. If this Insurance is primary, our obligations are not affected unless any of the "other insurance" is also primary. Then, we will share with all that "other insurance" . . . .
> **b. Excess Insurance**
> This insurance is excess over any of the "other insurance", whether primary, excess, contingent or on any other basis . . . [t]hat is available to the insured when the insured is an additional insured under any other policy, including any umbrella or excess policy,
> When this insurance is excess, we will have no duty [with regard to bodily injury and property damage or personal and advertising injury] to defend the insured against any "suit" if any provider of "other insurance" has a duty to defend the insured against that "suit". If no provider of "other insurance" defends, we will undertake to do so, but we will be entitled to the Insured's rights against all those providers of "other insurance". When the insurance is excess over "other insurance", we will pay only our share of the amount of the loss, if any, that exceeds the sum of:
>> (1) The total amount that all such "other insurance" would pay for the loss in the absence of this insurance, and

> (2) The total of all deductible and self-insured amounts under that "other insurance".
>
> We will share the remaining loss, if any, with any "other insurance" that is not described in this Excess Insurance provision.

This clause expressly states that the Travelers policy is an excess policy with regard to an additional insured such as Rosenberger. In contrast, the Amerisure policy provides that "[t]his insurance is excess over any other insurance whether primary, excess, contingent or on any other basis." Thus, it appears that each policy provides a duty to defend Rosenberger, but both policies state that they are in excess of the other policy. Neither party presents an argument refuting this interpretation, and the Court fails to see reason to deviate from this conclusion.

"In such a situation, where an insured has coverage from either of two policies but for the other, and each contains a provision which is reasonably construed to conflict with a provision of the other, the repugnancy is resolved by ignoring the conflicting provisions and prorating the coverage in proportion to the policy limits of each policy." *U.S. Auto. Ass'n v. Underwriters at Interest*, No. 14-98-00234-CV, 2000 WL 332718, at *2 (Tex.App.—Hous. (14th Dist.) March 30, 2000, no pet.) (citing *Hardware Dealers Mut. Fire Ins. Co. v. Farmers Ins. Exch.*, 444 S.W.2d 583, 589–90 (Tex. 1969)); *see also Royal Ins. Co. of Am. v. Hartford Underwriters Ins. Co.*, 391 F.3d 639, 643 (5th Cir. 2004). Accordingly, the Court finds that Travelers and Amerisure share the duty to defend Rosenberger pro rata relative to the policy limits of the Travelers and Amerisure policies.

### VI. Conclusion

Based on the above, the Court hereby DENIES Amerisure's motion, GRANTS-IN-PART Travelers' motion and GRANTS Beacon's motion.[6]

It is so **ORDERED.**

SIGNED at Houston, Texas this 22nd day of March, 2010.

_____
Kenneth M. Hoyt
United States District Judge

---

[6] Any requested relief that is not expressly granted herein is hereby denied.